**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| OCTAVIO MARCELINO ESPINOZA HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-03486-SRB |
| | ) | |
| JAMES ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Octavio Marcelino Espinoza Hernandez's ("Petitioner") Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("the Petition"). (Doc. #1.) For the reasons below, the Court GRANTS the Petition.

## I. FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in approximately August 2020. Petitioner has a child who is a citizen of the United States. Petitioner has no criminal history. On August 5, 2026, Petitioner was detained during a traffic stop and taken into custody by Immigration and Customs Enforcement ("ICE"). Petitioner is currently in the Greene County Jail in Springfield, Missouri.

Petitioner filed the Petition on August 13, 2026. Petitioner alleges he is being detained without due process and requests his immediate release. Petitioner alternatively requests "a prompt, individualized custody hearing before a neutral adjudicator[.]" (Doc. #1, p. 19.) The Petition asserts one claim for relief: Count I—Violation of Fifth Amendment Right to Due Process. On August 16, 2026, Respondents timely filed their response to the Petition. Petitioner filed a reply brief on August 17, 2026. The parties' arguments are addressed below.

## II. DISCUSSION

Respondents argue "[t]hat [Petitioner] is being properly detained by ICE pursuant to Section 1225(b)(2)(A) was confirmed by the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)." (Doc. #4, p. 2.) However, *Avila* did not resolve whether detention without any opportunity for release, or an individualized determination, complies with the due process requirements in the Fifth Amendment. The Court finds that *Avila* is not dispositive of the issues presented in this case and further finds that Respondents' continued detention of Petitioner violates procedural due process under *Mathews v. Eldridge*, 424 U.S. 31 9, 335 (1976).

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Due process is flexible . . . [and] calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 583 U.S. 281, 312-315 (2018). To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. at 335. Courts must consider the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*

Here, the first *Mathews* factor weighs in favor of Petitioner. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always

been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action"). Petitioner has resided in the United States for approximately six years. Petitioner is the father of a child who is a citizen of the United States. Petitioner is now "unable to return to his family and the life he has created." (Doc #5, p. 5.) The Court thus finds that Petitioner has a strong liberty interest in his freedom from detention.

The second *Mathews* factor, the risk of erroneous deprivation, also weighs in favor of Petitioner. "The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). Here, Petitioner has no criminal history. Respondents have not shown that he presents a danger or a flight risk. The Court agrees with Petitioner that the "risk of erroneous deprivation is substantial where detention is imposed without an individualized hearing at which the government must justify continued custody. Absent such a procedure, Petitioner has no meaningful mechanism to demonstrate that he poses neither a danger to the community nor a flight risk, and no opportunity to challenge the statutory basis of his confinement." (Doc. #1, p. 8.) The Court finds that the second factor weighs in favor of Petitioner.

Under the third *Mathews* factor, even a weighty private interest must be balanced against the government's interest. Respondents have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live. But this interest is not served by detaining a noncitizen who lacks a criminal history and has not been shown to present a danger or a flight risk. Thus, the third factor weighs in favor of Petitioner.

The Court finds that the proper remedy for the violation of Petitioner's due process rights is immediate release from custody. Based on the significant weight of the liberty interests at stake and the fact that Petitioner has been detained for approximately two weeks, the Court concludes that immediate release is appropriate. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025) (ordering immediate release from custody after determining that the petitioner's continued detention violated procedural due process).

**III. CONCLUSION**

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is GRANTED.
2. Respondents shall immediately release Petitioner, but no later than 48 hours from the date of this Order.
3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.
4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.
5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.
6. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2026